JOHN BEVERLY ROBINSON and WILLIAM O. ROSS, Appellants,
    *v.* JOSEPH J. B. LA MARSH and Others, Respondents.

First Department, November 9, 1917.

**Contract — agreement to deliver paving blocks construed — place
of delivery — blocks not in accordance with specifications.**

In an action to foreclose a lien on moneys due the defendant under a paving
contract with the city of New York, the plaintiffs claimed that under
the contract they were to deliver paving blocks to the defendant " free
over the rail " anywhere in New York harbor, and the defendant claimed
that the blocks were to be delivered at a pier near a certain point.
Provisions of the contract and evidence examined, and *held*, that the
defendant's contention as to the place of delivery should be sustained,
the complaint dismissed, and the defendant's counterclaim allowed,
*first*, for damages caused by plaintiffs' failure to deliver the paving blocks
at the point designated, and *second*, for the delivery of paving blocks not
in accordance with · the specifications.

APPEAL by the plaintiffs, John Beverly Robinson and
another, from a judgment of the Supreme Court in favor of
the defendants, entered in the office of the clerk of the county
of New York on the 12th day of March, 1917, upon the decision
of the court dismissing the complaint and granting judgment
on defendant La Marsh's counterclaim after a trial at the
New York Special Term.

*Daniel D. Sherman*, for the appellants.

*Edward J. Flanagan*, for the respondents.

DOWLING, J.:

This action was brought to foreclose a lien in the sum of
$1,100 on moneys due the defendant La Marsh under a con-
tract with the city of New York to pave a certain section of
Wallabout Market in the borough of Brooklyn, which lien
had been bonded. The defendant La Marsh counterclaimed
in the sum of $2,000: *First*, for plaintiff's refusal and neglect
to deliver the paving blocks in question near Wallabout
Market as agreed and instead thereof delivering them at a
distant point, to defendant's expense and damage; *second*,
for paving blocks delivered which were rejected as not up to
the specifications nor of the quality contracted for.

Upon the trial the real question litigated was as to the terms

of the contract between plaintiffs and La Marsh concerning the delivery of the paving blocks in question. Plaintiffs claimed that the contract was that they were to deliver to him the blocks " free over the rail " anywhere in New York harbor. La Marsh claimed that the blocks were to be delivered at a pier near Wallabout Market, identified as pier No. 1. This was the issue tendered by the pleadings, to which the evidence upon the trial was directed, and discussed in the briefs of counsel for appellants on this appeal. The contention here as in the trial court is, that plaintiffs did not agree to deliver these blocks nearer Wallabout Market than New York harbor, and that delivery was complete, so far as plaintiffs were concerned, when the steamship carrying the blocks arrived in New York harbor. The trial court has found against plaintiffs on this issue, and we think properly. The record shows that La Marsh being about to bid on a city contract for regulating and paving with permanent iron slag blocks certain roadways in Wallabout Market in the borough of Brooklyn, city of New York, applied to plaintiffs for a price thereon for a minimum of 500,000 blocks, which was quoted to him under date of June 7 and June 22, 1915, as fifty dollars per 1,000 " free over the rail, New York Harbor." Concededly, delivery would have been complete under such a contract if made anywhere in New York harbor. But plaintiffs admit they knew the blocks were to be used in Wallabout Market and their letters above referred to establish that knowledge. La Marsh in his reply to plaintiffs' quotation of prices, on July 14, 1915, placed his order for " the Wallabout Market contract for 560,000 iron slag blocks, in strict accordance with the specification of this job. Delivery to be before September 1, 1915, over the rail near Wallabout Market, quality and count to be over the rail subject to the approval of chief engineer Schmidt. Payments to be made in accordance with your letter of June 22, 1915. Kindly arrange if possible to give me ten (10) days to unload this boat." Plaintiffs thereafter on July 15, 1915, confirmed their acceptance of La Marsh's order. While they said it was " on the terms and conditions named in our letter to you of June 22nd, last," they made no objection whatever to the delivery in the manner required by La Marsh, and only

questioned the provision giving him ten days to unload the boat, saying they would do all they could to obtain the desired time, but that the regulation period allowed for unloading was one day for each 100,000 blocks. Reading all these letters together, we are of the opinion that they constitute a contract whereby plaintiffs were to deliver the blocks over the rail near Wallabout Market. If any ambiguity existed in the terms of the contract, the proof establishes that the real agreement of the parties thereto was, that the delivery was to be made over the rail near Wallabout Market and the precise point selected is shown to have been pier 1, which answered all the requirements. After negotiations by both Robinson, one of the plaintiffs, and La Marsh, for the procuring of a berth at pier 1 for the steamer containing the blocks, which the city dockmaster testifies he had made all the necessary arrangements for and at which pier the agent for the steamship owners had agreed to berth the vessel, the agent changed his mind and without any objection by plaintiffs or any effort on their part to make the delivery at the place agreed, the vessel was berthed at pier 15, concededly not near Wallabout Market, but distant about three miles therefrom. Plaintiffs did not claim, either by their pleadings or upon the trial, that La Marsh was in any way responsible for the failure to secure a berth for the vessel at pier 1. They stood, and stand, upon the claim that they were under no obligation to make delivery at any particular point, but anywhere they pleased in New York harbor. In this contention we think they were incorrect and that their contract required them to make delivery near Wallabout Market, which concededly they did not do. The cost and expense of transporting the blocks to the place of agreed delivery constituted the damages for which La Marsh has properly recovered herein. He has sufficiently proved the items making up the total allowed him. He has also fairly established the remaining item of recovery for blocks not in accordance with the specifications of the contract.

The judgment appealed from will, therefore, be affirmed, with costs.

CLARKE, P. J., LAUGHLIN, PAGE and SHEARN, JJ., concurred.

Judgment affirmed, with costs.